IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA ANDERSON,                    :      Civil No. 1:23-CV-2021
                                  :
       Plaintiff,                 :
                                  :
           v.                     :      (Magistrate Judge Bloom)
                                  :
MATTHEW BATTERSBY,                :
                                  :
       Defendant.                 :

## MEMORANDUM OPINION

Pending before the court is defendant Matthew Battersby ("Battersby")'s partial motion to dismiss the complaint. (Doc. 8). The plaintiff, Lisa Anderson ("Anderson"), alleges that in 2021, she consulted with Battersby—an attorney licensed to practice law in Pennsylvania— regarding a divorce proceeding initiated by her husband. (Doc. 1 ¶ 43). During the consultation, Battersby allegedly told Anderson, among other things, that he was experienced in handling divorce cases in Pennsylvania and had the resources and skill to pursue economic damages on her behalf. (*Id.*). Anderson alleges that based on those representations, she retained Battersby to represent her in the divorce proceeding. (*Id.* ¶¶ 8, 47). However, according to Anderson, Battersby failed to pursue economic damages, falsely told her that he had pursued

those damages, and moved to withdraw as counsel before the proceeding ended.  (*Id.* ¶¶ 8, 24, 33, 46).  Based on those allegations, Anderson brings four claims—legal malpractice, negligent misrepresentation, breach of fiduciary duty, and breach of contract.  (*Id.* ¶¶ 34-66).

On February 26, 2024, Battersby moved to dismiss all claims except for Anderson's legal malpractice claim.  (Doc. 8).  That motion is fully briefed and is ripe for resolution.  (Docs. 8-10).  For the reasons set forth below, we will grant in part and deny in part the motion.

## I.   Background

Anderson alleges that on September 21, 2021, James P. Anderson (hereinafter "Mr. Anderson")—her husband at the time—commenced a divorce action against her in the Court of Common Pleas of Adams County, Pennsylvania.  (Doc. 1 ¶ 7).  While seeking legal representation, Anderson allegedly consulted with Battersby, an attorney licensed to practice law in Pennsylvania.  (*Id.* ¶ 43).  During the initial consultation, Anderson allegedly told Battersby that she wanted to pursue claims for alimony *pendente lite* and alimony—*i.e.*, financial assistance paid to a dependent spouse during and after the divorce proceeding, respectively.

2

(*See id.* ¶¶ 16, 18, 43).  Battersby allegedly told Anderson that he was an "experienced" Pennsylvania divorce attorney, was "suitably skilled, prepared and capable of litigating Anderson's matter," and "had the resources, the staff, the training and knowledge necessary" to defend Anderson while pursuing her economic claims.  (*Id.* ¶ 43).  Anderson alleges that based on those representations, she retained Battersby, who appeared on her behalf in the divorce proceeding on October 7, 2021.  (*Id.* ¶¶ 8, 9, 47).

However, during the proceeding, Battersby allegedly only filed for spousal support, a form of "financial assistance paid to a dependent spouse *before a divorce action is filed*...."  (Doc. 1 ¶ 16) (alteration in original).  Anderson alleges that despite only moving for spousal support, Battersby informed her that "[her] claims were being properly pursued...."  (*Id.* ¶¶ 47).  She further claims that on February 28, 2022— three days after the deadline to file for alimony had passed—Battersby filed a petition to withdraw as counsel.  (*Id.* ¶¶ 13-15, 21).  Three days later, the Court of Common Pleas allegedly entered a final decree of divorce, which did not award any economic relief to Anderson.  (*Id.* ¶ 20).

On March 14, 2022, the Court of Common Pleas allegedly granted Battersby's motion to withdraw as counsel. (*Id.* ¶ 21).

After Battersby's withdrawal, Anderson allegedly hired a new attorney to seek relief from the final judgment. (Doc. 1 ¶ 22). On March 31, 2022, Anderson's new counsel allegedly filed a petition to "open the divorce decree" based on new evidence, mistake of fact, mistake of law, and fraud. (*Id.* ¶ 22-23). Anderson alleges that the Court of Common Pleas held a hearing on the petition, during which Battersby testified that he mistakenly failed to file and preserve Anderson's economic damages claims. (*Id.* ¶ 23-24). On June 16, 2022, the common pleas judge allegedly denied the petition for relief from the divorce decree, reasoning that Battersby's error was not an "extraordinary cause…" that would warrant reopening the action. (*Id.* ¶¶ 25-27).

On December 6, 2023, Anderson filed the instant case. (Doc. 1). In her complaint, Anderson asserts four causes of action—legal malpractice, negligent misrepresentation, breach of fiduciary duty, and breach of contract. (*Id.* ¶¶ 34-66). On February 6, 2024, Battersby moved to dismiss the negligent misrepresentation, breach of fiduciary duty, and

4

breach of contract claims, but not the legal malpractice claim. (Docs. 8-9). Battersby's motion is fully briefed and is ripe for resolution. (Docs. 8-10).

## II. Discussion

### A. Motion to Dismiss - Standard of Review

The defendant has filed a motion to partially dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,

5

1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on

6

the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. Battersby's Motion to Dismiss Will Be Granted in Part and Denied in Part.

As explained above, Battersby moves to dismiss Anderson's breach of contract, breach of fiduciary duty, and negligent misrepresentation claims. (Docs. 8-9). Anderson does not oppose Battersby's motion to dismiss her breach of contract claim. (Doc. 10 at 1). Therefore, that claim

will be dismissed with prejudice.  As explained below, we will grant in part and deny in part the remainder of Battersby's motion to dismiss, as follows: (1) Anderson's  breach of fiduciary duty claim will be dismissed with prejudice to the extent that it is premised on Battersby's alleged failure to pursue economic damages, but Anderson will otherwise be allowed to proceed on this claim; and (2) Anderson will be allowed to proceed on her  negligent misrepresentation claim.

### 1. Battersby's Motion To Dismiss The Breach Of Fiduciary Duty Claim Will Be Granted In Part And Denied In Part

To prevail on a breach of fiduciary duty claim, a plaintiff must prove that "(1) the defendant[] negligently or intentionally failed to act in good faith and solely for [her] benefit; (2) [s]he suffered injury; and (3) the defendant[']s[] failure to act solely for h[er] benefit was a real factor in bringing about h[er] injury." *Simons v. Royer Cooper Cohen Braunfeld, L.L.C.*, 587 F. Supp. 3d 209, 219 (E.D. Pa. 2022).  "Under Pennsylvania law, courts 'interpret a claim for breach of fiduciary duty in the context of legal malpractice as a claim for breach of the duty of loyalty, not the duty of care.'"  *Id.*, n. 52 (quoting *Nkansah v. Kleinbard LLC*, No. 19-CV-

4472, 2020 WL 920269, at *6 (E.D. Pa. Feb. 26, 2020)).  To fulfil the duty of loyalty, an attorney must "'act with the utmost good faith in furthering and advancing the principal's interests,'" which means he or she must "'disclose to the principal all relevant information.'" *Id.* (quoting *Basile v. H & R Block, Inc.*, 563 Pa. 359, 368 (2000)).

Here, Anderson alleges that Battersby breached several fiduciary duties by 1) failing to move for economic damages, 2) falsely telling Anderson that he had moved for economic damages, and 3) moving to withdraw as counsel before the divorce proceeding ended instead of attempting to rectify his mistake.  (Doc. 1 ¶¶ 57-61).  Battersby argues that Anderson has not stated a breach of fiduciary duty claim because her allegations implicate the duty of care, not the duty of loyalty.  (Doc. 9 at 9-12).  We agree in part.

Anderson's first allegation—that Battersby failed to move for economic damages, (Doc. 1 ¶ 58)—is identical to the allegations underlying her malpractice claim and therefore implicates the duty of care, rather than the duty of loyalty.  *See Nkansah*, 2020 WL 920269, at *7 (dismissing a breach of fiduciary duty claim premised on allegations

9

of legal malpractice, which implicates the duty of care, rather than the duty of loyalty).  Accordingly, we will dismiss Anderson's breach of fiduciary duty claim to the extent it is premised on Battersby's alleged failure to move for economic damages.  Because that portion of the breach of fiduciary duty claim is legally, rather than factually, deficient, we will dismiss it with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that a court may deny leave to amend if amendment would be futile).

However, we will not dismiss Anderson's breach of fiduciary duty claim to the extent that it is premised on her remaining two allegations. Anderson's second allegation—that Battersby falsely stated that her "claims were being properly pursued…," (Doc. 1 ¶ 46)—implicates the duty of loyalty because it suggests that Battersby failed to "'disclose…all relevant information'" during the divorce proceeding. *Simons*, 587 F. Supp. 3d at 219, n. 52 (quoting *Basile*, 563 Pa. 359, 368 (2000)).  Likewise, Anderson's third allegation—that Battersby petitioned to withdraw from representation instead of attempting to rectify his mistake—suggests that Battersby attempted to insulate himself from liability instead of

10

"act[ing] with the utmost good faith in furthering and advancing [Anderson's] interests." *Id.* (quoting *Basile*, 563 Pa. 359, 368 (2000)); (Doc. 1 ¶¶ 37, 60). Therefore, we will deny Battersby's motion to dismiss the portion of Anderson's breach of fiduciary duty claim premised on the allegations that Battersby (1) falsely told her that her claims were being properly pursued and (2) moved to withdraw as counsel during the divorce proceeding instead of moving for relief from the final judgment.[1]

### 2. Battersby's Motion To Dismiss The Negligent Misrepresentation Claim Will Be Denied

To state a negligent misrepresentation claim under Pennsylvania law, a plaintiff must allege "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4)

---

[1] Battersby argues in a single sentence that "Plaintiff did not allege facts to establish she experienced actual damages attributable to a breach of fiduciary duty." (Doc. 9 at 12). Because Battersby has not developed this argument in his brief, it is deemed waived. *See Kach v. Hose*, 589 F.3d 626, 642 (3d Cir. 2009) (explaining that "'a passing reference to an issue will not suffice to bring that issue before this court.'" (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))); *see also 10x Genomics, Inc. v. NanoString Techs., Inc.*, 690 F. Supp. 3d 449, 465 (D. Del. 2023) (holding that a party forfeited an argument by raising it in a single sentence in a footnote).

which results in injury to a party acting in justifiable reliance on the misrepresentation."[2]   *Bortz v. Noon*, 556 Pa. 489, 500 (1999).   A misrepresentation of fact can be explicit or implicit. *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 587, n.2 (M.D. Pa. 2011).   One implicitly represents a fact when he gives an opinion that strongly suggests the existence of that fact. *See id.* (explaining that the third-party defendant implicitly stated certain facts in its legal opinion letter by explaining which documentation, certificates, and relevant laws it had reviewed).

Here, Anderson alleges that Battersby misrepresented his qualifications during the initial consultation and falsely told her that he

---

[2] Battersby contends that negligent misrepresentation contains a "'special kind of proximate cause requirement," pursuant to which a plaintiff "must demonstrate that a specific statement *caused* a specific harm." (Doc. 9 at 7) (alteration in original) (quoting *Hurt v. Philadelphia Hous. Auth.*, 806 F. Supp. 515, 530 (E.D. Pa. 1992)).   However, the case that Battersby cites involves intentional fraud, not negligent misrepresentation.   *Hurt*, 806 F. Supp. 515, 530 (E.D. Pa. 1992) (citing *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 296 (3d Cir. 1991)) (reciting the standard for common law fraud).   Because Battersby cites no authority for the proposition that *negligent* misrepresentation contains a "special" proximate cause requirement, we will not impose such a requirement here.

had moved for economic damages during the divorce proceeding. (Doc. 1 ¶¶ 43-47). Battersby argues that these allegations do not meet the pleading standard and, further, are barred by the gist of the action doctrine. (Doc. 9 at 6-9). As explained below, we find these contentions unavailing. Therefore, we will deny Battersby's motion to dismiss Anderson's negligent misrepresentation claim.

Battersby first argues that none of Anderson's allegations meet Rule 9(b)'s heightened pleading standard, which applies to allegations of fraud or mistake. (Doc. 9 at 7, 9). Though there is some disagreement within the Third Circuit, the weight of authority suggests that Rule 9(b) does not apply to negligent misrepresentation claims. *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 829 (E.D. Pa. 2016) (declining to apply Rule 9(b) to negligent misrepresentation claims brought under Pennsylvania law despite "disagreement among district courts in the Third Circuit" on that issue); *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 656 (E.D. Pa. 2016) (explaining that "[t]he majority of decisions, particularly recent cases, have not applied Rule 9(b) to negligent

misrepresentation cases.").[3]  Additionally, Battersby has not adequately developed his Rule 9(b) argument because he only references that provision in passing and does not cite to any binding authority requiring this court to apply the heightened pleading standard.  *See Kach*, 589 F.3d at 642 (explaining that "'a passing reference to an issue will not suffice to bring that issue before this court.'"); *see also Crockett v. Luitpold Pharms., Inc.*, No. 19-CV-276, 2020 WL 433367, at *11 (E.D. Pa. Jan. 28,

---

[3] *See also Cogswell v. Wright Med. Tech., Inc.*, No. 15-CV-295, 2015 WL 4393385, at *5 (W.D. Pa. July 16, 2015) (explaining that the majority of district courts in the Third Circuit have held that Rule 9(b) does not apply to negligent misrepresentation claims); *Bionix Dev. Corp. v. Sklar Corp.*, No. 07-CV-4465, 2009 WL 3353154, at *3 (E.D. Pa. Oct. 14, 2009) (explaining that "[c]ourts in the Third Circuit have generally declined to apply the more stringent pleading requirements of Rule 9(b) to claims of negligent misrepresentation."); *Smith v. Bristol-Myers Squibb Co.*, No. 306-CV-6053 (FLW), 2009 WL 5216982, at *9 (D.N.J. Dec. 30, 2009) (explaining that "generally courts in this circuit that have addressed the issue have found the particularity requirements of Rule 9(b) inapplicable to a negligent misrepresentation claim brought under Pennsylvania law." (collecting cases)); *McHale v. NuEnergy Grp.*, No. 01-CV-4111, 2002 WL 321797, at *7 (E.D. Pa. Feb. 27, 2002) (explaining that "the pleading requirements of Rule 9(b) do not apply to claims of negligent misrepresentation"); *Small v. Provident Life & Acc. Ins. Co.*, No. 98-2934, 1998 WL 848112, at *3 (E.D. Pa. Dec. 4, 1998) (explaining that "'[b]ecause a claim of negligent misrepresentation is distinct from a claim of fraud under Pennsylvania law, Rule 9(b) does not apply to the former according to its terms.'" (quoting *HCB Contractors v. Rouse & Assocs., Inc.*, No. 91-CV-5350, 1992 WL 176142, at *6 (E.D. Pa. July 13, 1992))).

2020) (declining to apply Rule 9(b) to the plaintiff's negligent misrepresentation claims because the defendants "cited no binding authority requiring th[e] Court to" do so). Therefore, we will apply the pleading standard set forth in Rule 8(a), not Rule 9(b).

Battersby also argues that his alleged misrepresentations were merely promises to perform, which, he contends, are insufficient to state a negligent misrepresentation claim. (Doc. 9 at 7-8). However, Anderson does not merely allege that Battersby promised to perform under the contract. Rather, she alleges that he misrepresented, among other things, that he was an "experienced" Pennsylvania divorce attorney, that he "had the resources, the staff, the training and knowledge necessary" to handle Anderson's case, and that "[Anderson's] claims were being properly pursued...." (Doc. 1 ¶¶ 43, 46). Those alleged statements, though partially subjective, contain implied averments of fact—namely that Battersby had at least some experience litigating divorce cases in Pennsylvania, had staff, and moved for economic damages in the divorce proceeding. *See State Coll. Area Sch. Dist.*, 825 F. Supp. 2d at 587, n.2. Therefore, we will not dismiss Anderson's negligent misrepresentation

claim on the grounds that Battersby's alleged misrepresentations were merely promises to perform.

Relying solely on *Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365 (E.D. Pa. 1996), Battersby argues that a plaintiff cannot premise a negligent misrepresentation claim on a defendant's statements about his ability to perform. (Doc. 9 at 7-8). However, in *Sun Co.*, the court dismissed the plaintiff's fraud in the inducement claim because it did not meet Rule 9(b)'s heightened pleading standard, which, as explained above, does not apply here. *Sun Co., Inc. (R & M),* 939 F. Supp. at 369-70. Therefore, *Sun Co.* does not support the dismissal of Anderson's negligent misrepresentation claim.

Finally, Battersby argues that the gist of the action doctrine bars Anderson's negligent misrepresentation claim to the extent it is premised on his alleged misrepresentations during the initial consultation. (Doc. 9 at 8). Under Pennsylvania's gist of the action doctrine, a purely contractual duty cannot serve as the basis for a tort claim. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 216 (3d Cir. 2022). As explained by the Third Circuit, "[t]ort actions arise from the breach of a

duty owed to another as a matter of social policy, while breach-of-contract actions arise from the breach of a duty created by contract." *Id.* Thus, the gist of the action doctrine does not bar tort claims based on misrepresentations made before the contract was formed. *See id.* (holding that the gist of the action doctrine did not bar the plaintiff's fraudulent inducement claim because the defendant allegedly concealed information while the parties were negotiating the contract).

Here, the gist of the action doctrine does not apply because the initial consultation allegedly occurred before the contract was formed. (Doc. 1 ¶ 47). Battersby relies on several cases from the Eastern and Western Districts of Pennsylvania for the proposition that the gist of the action doctrine bars tort claims based on a party's precontract representations about his or her "'subjective qualifications.'" (Doc. 9 at 8) (quoting *Tier1 Innovation, LLC v. Expert Tech. Grp., LP*, No. 06-CV-04622, 2007 WL 1377664, at *4 (E.D. Pa. 2007)). However, his reliance on those cases is misplaced because they predate *SodexoMAGIC*. *SodexoMAGIC, LLC*, 24 F.4th at 217, which provides that "a precontractual duty not to deceive through misrepresentation or

concealment exists independently of a later-created contract." Accordingly, we will not dismiss Anderson's negligent misrepresentation claim under the gist of the action doctrine.

## III.   Conclusion

For the foregoing reasons, we will grant in part and deny in part Battersby's motion to dismiss. (Doc. 8).  We will dismiss with prejudice Anderson's breach of contract claim and the portion of Anderson's breach of fiduciary duty claim that is premised on Battersby's alleged failure to move for economic damages.  Anderson will be permitted to proceed on her legal malpractice claim, her negligent misrepresentation claim, and her breach of fiduciary duty claim to the extent it is premised on 1) Battersby's alleged representation that Anderson's claims were being properly pursued and 2) Battersby's alleged withdrawal from representation before the end of the divorce proceeding.

Additionally, Battersby will be directed to file an answer to the complaint within 21 days of the entry of this order.

An appropriate order follows.

SO ORDERED, this 22nd day of July 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge